UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>v.<br><br>KEMPER INSURANCE, STEVE D'AMBROSIO, ALL-STATE INSURANCE, CESAR RODRIGUEZ,<br><br>        Defendants. | Case No. 1:24-cv-00587-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 4) |

## I.    INTRODUCTION

Plaintiff Candace Smith, proceeding pro se and *in forma pauperis*, filed a complaint on May 16, 2024. (Doc. 1). On July 30, 2024, the undersigned screened the complaint (Doc. 4) and ordered Plaintiff to take one of three actions within 30 days: (1) file a First Amended Complaint; (2) notify the Court in writing that she wishes to stand on this complaint; or (3) file a notice of voluntary dismissal. Although more than 30 days have passed, Plaintiff has not taken further action in this case.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to

comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within fourteen (14) days of the date of service of this Order, why this action should not be dismissed for her failure comply with the Court's July 30, 2024, Order.** The Court further CAUTIONS Plaintiff that, if she fails to file this statement within fourteen (14) days of the date of service of this Order, the Court will recommend to the presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at her address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **September 19, 2024**                    /s/ *Sheila K. Oberto*
                                                                      UNITED STATES MAGISTRATE JUDGE