1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11  | CANDACE SMITH, | Case No. 1:24-cv-0587 JLT SKO |

12  | Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING |

13  | v. | THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO |

14  | KEMPER INSURANCE, et al. | CLOSE THE CASE |

15  | Defendants. | (Doc. 7) |

16

17         Candace Smith initiated this action by filing a complaint on May 16, 2024, seeking to hold

18  the defendants liable for wrongful acts related to an insurance policy, including breach of an

19  insurance contract and falsification of documents.  (*See* Doc. 1 at 5.)  The magistrate judge

20  screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found Plaintiff failed to state a

21  cognizable claim.  (Doc. 4 at 3-5.)  The magistrate judge ordered Plaintiff to file an amended

22  complaint, notify the Court if she wished to stand on the complaint, or file a notice of voluntary

23  dismissal.  (*Id.* at 5.)  However, the Postal Service returned the Screening Order as

24  "Undeliverable, Not Deliverable as Addressed" on September 9, 2024.

25         On September 19, 2024, the magistrate judge ordered Plaintiff to show cause why the

26  action should not be dismissed for Plaintiff's failure to comply with the Screening Order and

27  failure to prosecute the case.  (Doc. 5.)  After Plaintiff did not respond, the magistrate judge

28  found: "Based on Plaintiff's failure to comply with, or otherwise respond to, the screening order

1

1    and the OSC, there is no alternative but to dismiss the action for her failure to obey court orders

2    and failure to prosecute." (Doc. 7 at 2.)  Therefore, the magistrate judge recommended the Court

3    dismiss the action. (*Id.*)  After the Findings and Recommendations were issued, the Postal

4    Service returned the OSC as "Undeliverable: No Such Number, Refused." The following day, the

5    Postal Service also returned the Findings and Recommendations as "Undeliverable, Not

6    Deliverable as Addressed."  To date, Plaintiff has neither filed a notice of change of address nor

7    communicated with the Court to further prosecute this action.

8            According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

9    Notably, the docket indicates Plaintiff did not receive the orders that the magistrate judge

10   determined she did not comply with, as the Postal Service returned both the Screening Order and

11   OSC as undeliverable.  For this reason, the Court declines to adopt the recommendation of

12   dismissal to the extent it is based upon "failure to obey court orders."  Nevertheless, as the

13   magistrate judge observed, Plaintiff is obligated to diligently prosecute this action.  In a related

14   manner, Plaintiff is obligated to keep the Court informed of a proper mailing address pursuant to

15   Local Rule 183(b), which provides:

16               A party appearing in propria persona shall keep the Court and
                 opposing parties advised as to his or her current address. If mail
17               directed to a plaintiff in propria persona by the Clerk is returned by
                 the U.S. Postal Service, and if such plaintiff fails to notify the Court
18               and opposing parties within sixty-three (63) days thereafter of a
                 current address, the Court may dismiss the action without prejudice
19               for failure to prosecute.

20   *Id.*  Because more than 63 days have passed since the Postal Service returned the Court's mail for

21   the first time on September 3, 2024, Plaintiff failed to comply with Local Rule 183(b).  Thus, "the

22   Court may dismiss the action without prejudice for failure to prosecute." *Id.*; *see also Henderson*

23   *v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and

24   comply with local rules of court); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal

25   for failure to comply with local rules).

26           To determine whether to dismiss an action for failure to prosecute, the Court must

27   consider several factors, including: "(1) the public's interest in expeditious resolution of

28   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

2

1   the public policy favoring disposition of cases on their merits; and (5) the availability of less

2   drastic sanctions." *Henderson*, 779 F.2d at 1424; *see also Ferdik v. Bonzelet*, 963 F.2d 1258,

3   1260-61 (9th Cir. 1992) (identifying the same factors).  The Court may dismiss an action when

4   "at least four factors support dismissal, or where at least three factors 'strongly' support

5   dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

6   　　　In this matter, the public's interest in expeditiously resolving the litigation and the Court's

7   interest in managing the docket weigh in favor of dismissal.  *See Yourish v. Cal. Amplifier*, 191

8   F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

9   favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent

10  interest in managing their dockets without being subject to noncompliant litigants).  This Court

11  cannot, and will not hold, the case in abeyance given the failure to prosecute in a timely manner

12  and communicate with the Court.  *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It

13  would be absurd to require the district court to hold a case in abeyance indefinitely just because it

14  is unable, through the plaintiff's own fault, to contact the plaintiff…").

15  　　　To determine whether the defendant suffer prejudice, the Court must "examine whether

16  the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful

17  decision of the case." *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987) (citing

18  *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)).  Significantly, a

19  presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action.

20  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff did not take any action to

21  prosecute this action after filing the complaint, causing unreasonable delays to the Court.  Thus,

22  this factor supports dismissal.

23  　　　Further, the Court must consider the imposition of lesser sanctions. *Allen v. Bayer Corp*.,

24  460 F.3d 1217 (9th Cir. 2006).  However, no lesser sanction is feasible due to the Court's

25  inability to communicate with Plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3

26  (E.D. Cal. July 20, 2020) ("given the Court's apparent inability to communicate with Plaintiff,

27  there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this

28  action and his failure to apprise the Court of his current address").

1    Finally, the policy favoring disposition of cases on their merits is outweighed by the other

2    factors that favor dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the

3    public policy favoring disposition of cases on their merits… weighs against dismissal, it is not

4    sufficient to outweigh the other four factors").

5    Based upon the foregoing, the Court **ORDERS**:

6    1.    The Findings and Recommendations dated October 9, 2024 (Doc. 7) are

7    **ADOPTED** in part.

8    2.    This action is **DISMISSED** without prejudice, for Plaintiff's failure to comply

9    with Local Rule 183 and failure to prosecute the action.

10   3.    The Clerk of Court is directed to close the action.

11

12   IT IS SO ORDERED.

13   Dated:   **November 19, 2024**

UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28